IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAKE JOSEPH OBIN, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS DEPARTMENT OF JUSTICE, RICHARD TABE, C.O. III; COREY BROWN, LIEUTENANT; AND CHRISTIAN HELMIG, SERGEANT; <br><br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. 6:22-CV-00315-JCB |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff Jake Obin's, an inmate at the Texas Department of Criminal Justice ("TDCJ") Stiles Unit, complaint alleging purported constitutional violations pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Because Plaintiff has paid the full filing fee in this action and is not proceeding *in forma pauperis*, the court issued an order directing Plaintiff to serve his complaint and citing him the rules and timeframe for service. (Doc. No. 8.) The court further had the Clerk issue process and provide summons forms to Plaintiff with a copy of the court's local rules. *Id.* On September 15, 2022, summons forms were prepared for all named Defendants and sent to Plaintiff. (Doc. No. 9.)

On September 30, 2022, Plaintiff filed a motion for the United States Marshal Service ("USMS") to serve the complaint and summonses in this case pursuant to Federal Rule of Civil Procedure 4(c)(3). (Doc. No. 11.) On October 4, 2022, the court denied Plaintiff's motion for USMS service because Plaintiff had failed to first show that service was attempted by other means

1

permissible under Rule 4 before seeking an order for service by the USMS. (Doc. No. 13.) The court then granted plaintiff an extension until February 14, 2023 to perfect service. (Doc. No. 19.) On November 9, 2022, Plaintiff filed a motion for reconsideration of the order denying designation of the USMS as process server. (Doc. No. 20.) The motion included letters of an individual who had attempted service on Plaintiff's behalf, but ultimately was not successful because she was not licensed and could not pay fees for a private process server. *Id.* Ultimately, the court denied the motion to reconsider. (Doc. No. 24.)

Thereafter, on January 17, 2023, a licensed process server filed unexecuted summons in this case stating that she had attempted service on Defendant Richard Tabe at his place of residence, but was unsuccessful, and stated that she believed service could be accomplished via substituted service under Texas Rule of Civil Procedure 106(b). (Doc. No. 25.) On April 20, 2023, the court informed Plaintiff that no motion for substituted service had been filed pursuant to Texas Rule of Civil Procedure 106(b) and that service had thus not yet been executed. (Doc. No. 27.) The court granted Plaintiff an additional extension of time to effect service of process until May 26, 2023. *Id.* The court reissued summons on the next day. (Doc. No. 28.) Plaintiff acknowledged receipt of the court order on May 10, 2023. (Doc. No. 23.) Because the court had not heard from Plaintiff since the acknowledgement of the court order on May 10, 2023, on July 20, 2023, the court issued another show cause order, ordering Plaintiff to respond within 30 days of receipt notifying the court of the status of his attempts at service and whether he desires to proceed with this case. (Doc. No. 30.) The court warned Plaintiff that a failure to comply with the order could result in the dismissal of this action. *Id.* at 3.

The court has not since heard from Plaintiff regarding any additional attempts at service or whether he desires to proceed with this case. Here, Plaintiff has failed to timely serve his

2

complaint despite the court's orders providing him guidance and generous additional time to execute service. Twelve months have passed since the filing of this action and Plaintiff has not served Defendants in that time despite numerous instructions and orders from the court regarding service. Moreover, "[a] pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local R. CV-11(d). To the extent Plaintiff has a new address, he has not informed the court of his new address or otherwise communicated with the court in over five months. Plaintiff has further failed to comply with numerous court orders including the court's most recent show cause order (Doc. No. 30). As such, he has failed to prosecute his case.

Accordingly, the court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute and for failure to comply with a court order. Fed.R.Civ.P. 4(m); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."); Fed.R.Civ.P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 24th day of August, 2023.**

                                              JOHN D. LOVE
                                  UNITED STATES MAGISTRATE JUDGE